# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | 2:07-cr-0014-JCM-RJJ |
| vs ) | |
| ) | |
| RENE OSWALD COBAR, ) | |
| ) | |
| Defendant,. ) | **ORDER** |
| ) | |

This court granted defendant Rene Cobar's motion to correct a clerical error and vacated its previous order denying Mr. Cobar's motion for a new trial. (Doc. #324). This amended order denying the motion for new trial now follows.

Presently before the court is defendant Rene Cobar's motion for a new trial and for evidentiary hearing (doc. #310). Plaintiff United States of America Department of Justice (hereinafter "DOJ") has opposed this motion (doc. #311). Defendant Cobar has responded (doc. #314).

Defendant Cobar was found guilty on February 23, 2009, by bench trial of one count of conspiracy to import five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 963, 952, and 960(b)(1)(B), and conspiring to import one kilogram or more of heroin in violation of 21 U.S.C. §§ 963, 952, and 960(b)(1)(A). (Doc. #311). In August of 2009, defendant appealed his conviction which is currently before the Court of Appeals for the Ninth Circuit. In July of 2010, defendant filed a motion with this court for a new trial based on newly discovered evidence that a witness for the government in his trial, Aguilar-Alvarez, had been deactivated as a DEA confidential source. After a hearing, this court denied defendant's motion for new trial (doc. #303).

## I. Motion for New Trial

Based upon DEA Special Agent Casullo's 2010 affidavit, the November 2003 and January 2004 affidavits, and the procedures followed by the government in obtaining authorization for the interception of wire and electronic communications, defendant has now filed another motion for a new trial (doc. #310). He asserts that the court should grant him a new trial because these documents constitute "newly-discovered evidence" (doc. #310).

Under Federal Rule of Criminal Procedure 33, a court may vacate any judgment and grant a new trial if the interest of justice so requires. For example, a motion for a new trial should be granted if the verdict was against the clear weight of the evidence or the failure to grant a new trial would result in a miscarriage of justice. *Roy v. Volkswagen of Am., Inc.*, 896 F.2d 1174, 1176 (9th Cir. 1990). In deciding a motion for a new trial, the district court is free to weigh the evidence and evaluate for itself the credibility of the witness. *U.S. v. Alston*, 974 F.2d 1206, 1211 (9th Cir. 1992).

Furthermore, to prevail on a motion for a new trial, the defendant must satisfy a five-part test:

> [T]he defendant must show (1) evidence is newly discovered; (2) failure to discover the evidence sooner was not due to lack of diligence; (3) the evidence was material to trial issues; (4) the evidence was not cumulative or merely impeaching; and (5) a new trial, if granted, would probably result in acquittal.

*United States v. George*, 420 F.3d 991, 1000 (9th Cir. 2005) (citing *United States v. Lopez,* 803 F.2d 969, 977 (9th Cir. 1986)).

The court finds that no new trial is warranted in this case. The defendant alleges that "false statements were submitted in Title III affidavits," and that the records do not reflect a proper signature of an investigative or law enforcement officer in compliance with 18 U.S.C. § 2518(a) for the affidavits. Defendant argues that Special Agent Casullo submitted a false statement in his 2010 affidavit regarding the activation date of Aguilar-Alvarez with the DEA, which happened in October of 2003. This allegedly conflicts with Casullo's January 2004 affidavit, which states that Aguilar-Alvarez was already a confidential informant working for the Las Vegas Metropolitan Police Department (hereinafter "LVMPD") since August of 2003, making it newly discovered evidence.

First, the court disagrees – these documents do not count as newly discovered evidence.

Aguilar-Alvarez was working as a confidential source for the LVMPD in August of 2003. In October of 2003, the DEA activated Aguilar-Alvarez in conjunction with its own investigation of the defendant. Thus, he was concurrently working for the DEA and the LVMPD at the time of the alleged "conflicting" 2004 statement. This is not mutually exclusive work as the defendant alleges, and therefore, there is no conflict with regards to Aguilar-Alvarez's activation date with the DEA.

Second, the November 2003 and January 2004 affidavits were provided to defendant's counsel during discovery and were the subject of testimony at trial. Thirdly, the defendant has not shown how these alleged statements, if false, are material to his guilt or punishment at trial. Finally, the defendant has failed to show how a new trial, if granted, would result in acquittal. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment).

## II.     Motion for Evidentiary Hearing

The defendant also requests a *Franks* (evidentiary) hearing because he argues that the statements in the November 2003 and January 2004 affidavits are "false and malicious." *See Franks v. Delaware*, 438 U.S. 154 (1978). In order for defendant to be granted a *Franks* hearing, he must make "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was inclined by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." *United States v. Craighead*, 539 F.3d 1073, 1080 (9th Cir. 2008) (quoting *Franks,* 438 U.S. at 155-56)).

Here, the defendant has failed to cite false statements in the affidavits, making his allegations merely conclusory. *See Franks*, 438 U.S. at 171 (requiring challenger's attack on the affidavit supporting the warrant must be more than conclusory to mandate an evidentiary hearing and must be more than a mere desire to cross-examine). Secondly, the defendant failed to prove that, even if the 2004 statements were false, they were made with reckless disregard for the truth to entitle him to a *Franks* hearing.

1   Lastly, defendant alleges that the government did not comply with the requirements of
2 18 U.S.C. § 2518(a) because the application did not identify the investigative or law
3 enforcement officer making the application, or the officer authorizing the application. When
4 applying for an order to authorize the interception of wire, oral, or electronic information, the
5 government must include the information listed in 18 U.S.C. § 2518(1)(a)–(f). Moreover, 18
6 U.S.C. § 2518(10) requires that any aggrieved person who challenges a wire or electronic
7 intercept, must do so "before the trial, hearing, or proceeding unless there was no opportunity
8 to make such a motion or the person was not aware of the grounds of the motion."

9   Here, the government complied with the requirements of the statute. The documents
10 identified the officers applying for the application, identified the officers authorizing the
11 application, and contained the authorization to intercept the communications by this court.
12 Furthermore, the defendant had the opportunity to challenge the electronic intercept before trial
13 because the government provided him with all the relevant documents during discovery. Thus,
14 the defendant's requests for a new trial and for a *Franks* (evidentiary) hearing are denied.

15   Accordingly,

16   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion
17 for a new trial and evidentiary hearing (doc. #310) is DENIED.

18   DATED this 27th day of December, 2011.

                                                James C. Mahan
                                            UNITED STATES DISTRICT JUDGE