**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) 2:07-cr-0014 JCM (RJJ) |
| vs | ) |
| LUIS ANGEL GONZALEZ-LARGO, | ) |
| Defendant,. | ) **ORDER** |

Presently before the court is petitioner Luis Angel Gonzalez Largo's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Doc. #357. The government has filed a response (doc. #370), petitioner has failed to file a reply.

Petitioner raises four claims for relief. He alleges that his counsel rendered ineffective assistance by (1) not pursuing a plea agreement and (2) failing to object to his presentence investigation report and the court's jury instructions regarding conspiracy. Petitioner further contends that his conviction should be vacated because (3) he was unlawfully arrested and extradited from Nicaragua and (4) his double jeopardy rights were violated. The court finds that the claims lack merit and denies the motion for the reasons that follow. Additionally, the court denies the request for an evidentiary hearing because record before the court "conclusively shows" that petitioner is not entitled to relief. 28 U.S.C. § 2255(b); *Farrow v. United States*, 580 F.2d 1339, 1360-61 (9th Cir. 1978) (en banc).

**Discussion**

Ineffective Assistance of Counsel

Ineffective assistance of counsel requires that the petitioner show that his counsel's performance fell below an objective standard of reasonableness and a "reasonable probability" that the performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984). "A

court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689. To establish that the performance was prejudicial, the petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The court need not conduct an evidentiary hearing where "the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The court may take notice of affidavits filed in support of the habeas petition and response when addressing issues raised by a petitioner. *See United States v. Hernandez-Mendoza*, No. 98-35849, 1999 WL 1217933 at *5 (9th Cir. 1999) (unpublished) (upholding the denial of an evidentiary hearing on a § 2255 petition where "[t]he district court reviewed the plea agreement, the plea petition, the transcript of the change of plea proceedings, and the affidavits of [defense counsel] before denying the motion for an evidentiary hearing."). An evidentiary hearing is only needed if "accepting the truth of [defendant's] factual allegations, he could have prevailed on an ineffective assistance claim." *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994).

Petitioner contends he was denied effective assistance of counsel because his attorney "advised trial was best [the] best option."[1] Doc. #357, pg. 5. The record before this court, however, strongly refutes petitioner's allegations. Petitioner's counsel, Gabriel Grasso, provided an affidavit that states it was petitioner who was reluctant to accept a plea agreement and chose to proceed to trial. Opp., Ex. 1.

Moreover, even if this court accepts petitioner's allegations, and assumes that it was Mr.

---

[1] Petitioner also contends that defense counsel should have attempted to obtain a "fast-track" disposition through plea negotiations. The court finds no merit to this contention because "fast-track" dispositions are not a right and the decision to implement any "fast-track" consideration lies solely within the prosecutor's discretion. *United States v. Reyes-Hernandez*, 624 F.3d 405, 421-22 (7th Cir. 2010). The "fast-track" program does not create any prospective substantive or procedural rights for defendants. *See*, *e.g.*, Deputy Attorney General James M. Cole, Department Policy on Early Disposition or "Fast-Track" Programs, dated January 31, 2012.

Grasso who favored a trial over a plea deal, such counseling does not necessarily amount to ineffective assistance of counsel. In *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), the Supreme Court explained that advice to proceed to trial must be predicated on an "erroneous interpretation of the law" or a "gross mischaracterization of the likely outcome," to constitute ineffective assistance of counsel. *Id.* at 1390-91; *see also United States v. Keller*, 902 F.2d 1391, 1394 (9th Cir. 1990) ("erroneous predictions regarding a sentence are deficient only if they constitute gross mischaracterization of the likely outcome of a plea bargain combined with . . . erroneous advice on the probable effects of going to trial.") (internal quotations removed).

Here, petitioner has failed to allege specific facts regarding any deficient legal advice or mischaracterization of the likely outcome. Petitioner has provided only conclusory allegations devoid of factual support. Therefore, the ineffective assistance claim regarding counsel's alleged advice to proceed to trial must be dismissed. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("conclusory allegations unsupported by specifics is subject to summary dismissal."); *see also Farrow v. United States*, 580 F.2d 1339, 1360-61 (9th Cir. 1978) (en banc) (requiring petitioners to allege specific facts supporting a claim for ineffective assistance of counsel).

Petitioner's remaining allegation of ineffective assistance of counsel, that Mr. Grasso failed to object to the presentence investigation report or to the jury instructions contradicts the court's records. Objections were made to the presentence investigation report both in writing, *see* Opp., Ex. 2, and during this court's sentencing hearing. Additionally, prior to the sentencing hearing, Mr. Grasso filed a sentencing memorandum outlining for the court the objections he filed with the probation department. *See* doc. #242. The claim premised on a failure to object to the report is therefore without merit.

Further, the Ninth Circuit has already reviewed petitioner's claims regarding the objections to the jury instruction and found that (1) the instruction was not erroneous; and (2) even if it was, it did not affect petitioner's substantial rights. As this issue has been decided adversely to petitioner on direct appeal, he cannot litigate the issue in his § 2255 petitioner. *See Odom v. United States*, 455 F.2d 159, 160 (9th Cir. 1972).

Unlawful Arrest

A petitioner is precluded from arguing claims in a § 2255 motion that he failed to raise a trial or on appeal, unless the petitioner can "demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993) (citing *United States v. Frady*, 456 U.S. 152 168 (1982)). Attorney oversight short of ineffective assistance of counsel does not constitute cause to excuse the procedural default of a claim. *Murray v. Carrier*, 477 U.S. 478, 491-92 (1986), superseded by statute on other grounds, Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, Apr. 24, 1996, 110 Stat. 1214. Further, "a failure to raise untenable issues on appeal does not fall below the *Strickland* standard." *Turner v. Calderon*, 281 F.3d 851, 872 (9th Cir. 2002).

The court does not find that petitioner's failure to address the possible issue of unlawful arrest rises to the level of ineffective assistance of counsel. *See Turner*, 281 F.3d at 872; *Gustave v. United States*, 627 F.2d 901, 906 (9th Cir. 1980) ("the decision . . . [is] a strategic decision of the attorney and his failure to do so, even against his client's wishes, is not ineffective representation.").

As petitioner cannot show ineffective assistance of counsel, he must show "some external impediment preventing counsel from constructing or raising the claim" to establish sufficient cause to excuse the procedurally defaulted § 2255 claim. *Carrier*, 477 U.S. at 492. Petitioner has failed to show any such impediment.

Double Jeopardy[2]

Petitioner's double jeopardy claims are procedurally barred for the same reasons as his

---

[2] Out of an abundance of caution, the government has interpreted petitioner's fourth claim as also raising a speedy trial claim. While it is not clear if petitioner is indeed seeking to raise a speedy trial claim, the court has conducted an analysis pursuant to *Barker v. Wingo*, 407 U.S. 514 (1972), and concludes that petitioner's Sixth Amendment rights have not been violated. Here, the reason for the delay between indictment and trial was a result of motions filed by the defense and a number of stipulations to allow the defense to prepare the case. *Id.* at 531. Further, unlike his co-defendant, the petitioner here never filed a motion with the court asserting his speedy trial right. *Id.* at 531-32. Lastly, and most importantly, there was no prejudice because petitioner ultimately did not present any witnesses or evidence in his defense, and thus the delay could not have hindered "his ability to . . . prepare his defense," as no defense was presented. *Id.* at 533.

unlawful arrest claims. The double jeopardy claim is without merit and therefore counsel's failure does not amount to a *Strickland* violation. *See Turner*, 281 F.3d at 872.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that petitioner Luis Angel Gonzalez Largo's motion pursuant to 28 U.S.C. § 2255 (doc. #357) be, and the same hereby is, DENIED.

DATED August 7, 2012.

_____
UNITED STATES DISTRICT JUDGE